**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN RE:**                                                               **Case No. 8:04-md-2523-T-30TBM**
                                                                              **MDL 1626 - ALL CASES**

**ACCUTANE PRODUCTS**
**LIABILITY LITIGATION,**
_____/


**LAURIE A. STUPAK,**[1]

        **Plaintiff,**

v.                                                                          **Case No. 8:05-cv-926-T-30TBM**

**HOFFMANN-LA ROCHE, INC., et al.,**

        **Defendants.**
_____/


**O R D E R**

        THIS MATTER is before the court on the **U.S. Defendants' Motion to Compel**

**Production of Medical Records** (Doc. 19) and Plaintiff's response (Doc. 24).  A hearing on

this motion and other matters was conducted April 20, 2006.

        By their motion, Defendants seek an Order requiring Ken Stupak (the decedent's

brother) and Bartholomew Stupak, Sr., (the decedent's father) to sign forms authorizing the

release of their medical records,[2] which were first requested in subpoenas duces tecum in

---

        [1]Plaintiff, Laurie A. Stupak, is the mother of Bartholomew Stupak, Jr., the decedent in
this action.  Her husband is Bartholomew Stupak Sr., a United States Congressman
representing the 1st district of Michigan.

        [2]Regarding Ken Stupak, Defendants seek records, or signed authorizations permitting
the release of such, from: (1) Bay Area Medical Center, including HIV test results, alcohol
abuse or test results, mental health counseling records, sexually transmitted disease, and drug
abuse and test results; (2) Lansing Pediatric Associates, P.C., all records; (3) South Cedar
Osteopathic Services, P.C., all records; (4) Aurora Health Care (Marinette Menominee

October 2005.  Defendants assert that Ken Stupak and Bartholomew Stupak, Sr., have waived

their right to assert any privilege with regards to these records.  Relying on Fed. R. Civ. P. 45

and Wisconsin law, Defendants argue that Ken Stupak waived the right by (1) not objecting

to the subpoena duces tecum, (2) testifying "at length" at his deposition about his prior

medical history and his experience with Accutane®, and (3) consenting to the release of his

dermatological records.  As for Bartholomew Stupak, Sr., Defendants imply that he waived

his right to assert the privilege by failing to timely object to the subpoena duces tecum and

they argue that his medical records are subject to disclosure because he placed his physical

and/or mental condition in issue by acting as a *de facto* plaintiff.  Defendants argue further

that the witnesses' medical records are relevant to their exploration of alternative causation,

i.e., to provide an informed and complete evaluation of the decedent's genetic and familial

risk factors for developing mood disorders and suicidal behavior, as well as to test Plaintiff's

assertion that there is no family history of mental illness.  Alternatively, Defendants seek an

Order barring Ken Stupak and Bartholomew Stupak, Sr., or any other witness, from testifying

about issues pertaining to family mental health histories.

---

Clinic), all records including lab and radiology reports, pathology slides, billing records, and
office visits; (5) all pharmacy records; and (6) Blue Cross Blue Shield of Michigan, all
records including those pertaining to AIDS, HIV, substance abuse, mental health services,
and psychotherapy notes. (Doc. 19, Ex. 1).  With the exception of the pediatric records,
Defendants seek the same records, or signed authorizations permitting the release of such, as
related to Bartholomew Stupak, Sr. Id., Ex. 2.  Similarly, the subpoenas duces tecum served
on the witnesses sought, "[a]ll medical records and other documents including dermatology
records, mental health records, psychiatric records, bills, records of health insurance payment
or reimbursement for medical services, correspondence, memoranda, and all other
documentation of the medical care, medical treatment, chiropractic treatment, rehabilitation,
health care, or other therapeutic care pertaining to you for the past fifteen (15) years. . . .
[and/or] All duly executed authorizations permitting the release of medical records or reports
to Defendants herein relative to the above health care rendered." Id., Exs. 9, 12.

Plaintiff responds that, as non-parties to this litigation, Ken Stupak and Bartholomew

Stupak, Sr., have not put their medical or psychiatric health at issue and their medical records

are privileged.  Citing Wisconsin law, Plaintiff argues that non-parties cannot be forced to

waive the doctor/patient privilege and neither Ken Stupak nor Bartholomew Stupak, Sr., have

done so in this instance.  Plaintiff argues further that Defendants do not cite any authority

directly on point that holds otherwise.  As for the alternative relief sought by Defendants,

Plaintiff contends that it is a premature motion in limine that should be decided by the trial

court.

As an initial matter, Defendants are correct that a non-party served with a subpoena

duces tecum must serve objections in writing to the requesting party's counsel within 14 days

of service of the subpoena.  See Fed. R. Civ. P. 45(c)(2)(B).  Here, it is undisputed that

neither witness complied with that rule.[3]  However, contrary to Defendants' suggestion, it is

not immediately apparent whether the failure to do so results in a waiver of the privilege

claimed.  This circuit has not addressed the issue.  Of the jurisdictions that have, most find

that it typically does result in a waiver.  See Wang v. Hsu, 919 F.2d 130, 131 (10th Cir.

1990); McCabe v. Ernst & Young, LLP, 221 F.R.D. 423, 426 (D. N.J. 2004); Am. Elec.

Power Co. v. U.S., 191 F.R.D. 132,136 (S.D. Ohio 1999); Concord Boat Corp. v. Brunswick

Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996); Angell v. Shawmut Bank Conn. Nat'l Ass'n, 153

F.R.D. 585, 590 (M.D. N.C. 1994); Deal v. Lutheran Hosps. & Homes, 127 F.R.D. 166, 168

(D. Alaska 1989); but see Packer v. Hansen, No. CIV. A. 98-380, 1999 WL 1038343, * 2

_____

[3]Ken Stupak did not object in writing to the subpoena; rather, his counsel objected to the producing medical records or furnishing a medical records release form during the deposition.  Counsel for Bartholomew Stupak, Sr., served written objections to the subpoena duces tecum, albeit untimely.

(E.D. Pa. 1999) (unpublished).  However, in unusual circumstances and for good cause, the

failure to act timely may not bar consideration of objections.[4]  See, e.g., Am Elec. Power Co.,

191 F.R.D. at 136-37 (quoting Concord Boat, 169 F.R.D. at 48); Krewson v. City of Quincy,

120 F.R.D. 6, 7 (D. Mass. 1988); U.S. v. IBM, 70 F.R.D. 700, 702 (S.D.N.Y. 1976).  Here,

the subpoenas duces tecum were overly broad and exceeded the bounds of fair discovery.

The medical release authorizations and/or production of medical records sought by

Defendants are not limited in temporal scope.  Nor are they limited to

psychiatric/psychological providers and general practitioners.  Moreover, it does not appear

that the non-parties acted in bad faith in refusing to provide unfettered access to their medical

records.  Finally, defense counsel arguably were not surprised or prejudiced by the lack of

such in light of the letter they received from the witnesses' attorney some four to five months

before the subpoenas duces tecum were issued, which clearly stated that neither witness

would produce their medical records.  See (Doc. 19, Ex. 8 at 5).  For these reasons, I do not

find that failure to comply with Rule 45 results in waiver.  See Am. Elec. Power Co., 191

F.R.D. at 136-37.

Defendants' waiver arguments specific to Ken Stupak, which are based on Wisconsin

law, present a closer call.[5]  Under Wisconsin law, an individual has a privilege to refuse to

---

[4]Such circumstances have been found where "(1) the subpoena is overbroad on its face and exceeded the bounds of fair discovery, (2) the subpoenaed witness is a non-party acting in good faith, and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena."  Am. Elec. Power Co., 191 F.R.D. at 136-37 (citing Concord Boat, 169 F.R.D. at 48).

[5]State law controls the privileged nature of material sought in discovery in a diversity action.  Fed. R. Evid. 501; Somer v. Johnson, 704 F.2d 1473, 1478 (11th Cir. 1983).  The parties do not dispute that Wisconsin law applies.

disclose, and to prevent others from disclosing, confidential communications made or

information obtained for purposes of diagnosis or treatment of the individual's physical,

mental or emotional condition.  Wis. Stat. § 905.04(2).  This privilege extends to the

individual's physician, nurse, psychologist, social worker, therapist, or counselor.  Id.

However, the privilege may be waived if the privilege holder voluntarily discloses or consents

to disclosure of any significant part of the matter or communication.  Id. at § 905.11.  Waiver

may also occur where a plaintiff/patient consents to the inspection of records from one

physician, but not another.[6]  Alexander v. Farmer's Mut. Auto. Ins. Co., 131 N.W.2d 373, 376

(Wis. 1964).

Upon careful consideration, I conclude that Ken Stupak waived the privilege by

testifying at deposition about his eye injury and anxiety that was possibly related to the injury

and subsequent treatment.  See Wis. Stat. § 905.11.  However, I find that he waived the

privilege only with respect to treatment records pertaining to his eye injury and resulting

anxiety, if any.  On the basis of the matters presented, and contrary to Defendants' assertion,

the witness simply did not testify "at length" about his medical history such that he waived

the privilege as to the entirety of his medical records.  Thus, Defendants' motion (Doc. 19) as

---

[6]The rationale for waiver in that circumstance is that it would be:

> most unjust and unfair to permit patients . . . to waive the
> privilege as to testimony of a physician who was favorable to
> their interest and claim the benefit of the privilege as to a
> physician similarly situated who might not be favorable to their
> interest.  When consent is given for the disclosure by one
> physician, the reason for the statute no longer exists, and the
> waiver is a waiver of the whole privilege, and no[t] a consent to
> the introduction of the testimony of designated witnesses.

Id. (quoting Cretney v. Woodmen Accident Co., 219 N.W. 448, 450 (Wis. 1928)).

to Ken Stupak is GRANTED to the extent set forth herein.  Within ten (10) days from the

entry of this Order, Ken Stupak shall produce to Defendants a signed authorization for the

release of his medical records relating to the eye injury (and any resulting anxiety) about

which he testified at deposition.  In all other aspects, the motion (Doc. 19) as it relates to Ken

Stupak is denied.[7]

As for Defendants' arguments specific to Bartholomew Stupak, Sr., I find them

unpersuasive, at least at present.  As indicated at the hearing, the argument that Bartholomew

Stupak, Sr., is a *de facto* plaintiff and has therefore placed his medical/psychiatric condition at

issue is without merit.  Defendants fail to cite any controlling authority that finds a waiver of

the privilege in circumstances such as exist here and my independent research has not

revealed otherwise.  Regarding the witness's deposition testimony that there is no family

history of depression, that statement simply does not open the door to the wholesale

production of the witness's medical records.  As Plaintiff points out, that testimony is not

contradicted.  At present, Defendants have not demonstrated that, by way of controlling (or

persuasive) authority, non-party Bartholomew Stupak, Sr., has waived his right to assert the

privilege claimed.  As such, this aspect of the motion (Doc. 19) is DENIED.

Defendants' alternative request for an Order barring Ken Stupak and Bartholomew

Stupak, Sr., or any other witness, from testifying about issues pertaining to family mental

---

[7]I do not find that Ken Stupak's release of dermatological records results in a waiver of the privilege as to all other medical records.  As Plaintiff points out, the authority on which Defendants' rely for that conclusion is misplaced.  Notably, Alexander involved an injured party plaintiff, not a non-party witness, and the rationale articulated therein does not support the finding that the privilege was waived under the facts that exist here.  See Alexander 131 N.W.2d at 376.

6

health histories is DENIED without prejudice.  As Plaintiff contends, such a ruling essentially

amounts to a premature motion in limine.[8]

        **Done and Ordered** in Tampa, Florida, this 9th day of May 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
United States District Judge
Counsel of Record

---

[8]The court does not dispute that the psychological or psychiatric history of the immediate Stupak family members may be relevant to the theory of alternative causation the Defendants propose.  Indeed, as Defendants note, the court has permitted discovery of the mental and emotional health history of plaintiff family members in Bishop v. Hoffmann-LaRoche, Inc., Case No. 8:02-cv-1533-T-30TBM.  Here, if such psychological or psychiatric history exists for the Plaintiff and/or Mr. Stupak and/or Ken Stupak, it is discoverable and should be promptly produced by the Plaintiff.  As the record stands before the court however, there is no such history as to any of the immediate family members, and, in fact, the sworn testimony is to the contrary.  Given the circumstances, the protection afforded non-parties under Wisconsin law and the breadth of the matters sought under the releases, it is difficult to conclude other than that this an unwarranted fishing expedition into confidential matters.  Should the circumstances change, the court will revisit the matter on subsequent motion.