**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IN RE:  
ACCUTANE PRODUCTS  
LIABILITY LITIGATION,

_____/

Case No. 8:04-md-2523-T-30TBM  
MDL 1626

LAURIE A. STUPAK,[1]

    Plaintiff,

v.

HOFFMANN-LA ROCHE, INC., et al.,

    Defendants.

_____/

Case No. 8:05-cv-926-T-30TBM

## O R D E R

THIS MATTER is before the court on **Defendants Hoffmann-La Roche Inc.'s and Roche Laboratories Inc.'s Motion to Strike Plaintiff's December 11, 2006, Designation of Werner Spitz, M.D. as an Expert Witness** (Doc. 56) and Plaintiff's response in opposition (Doc. 59).[2] A hearing on this and other pending MDL matters was conducted on January 19, 2007. Additionally, the court revisited the matter at a subsequent hearing on March 29, 2007.

By their motion, Defendants seek an Order, pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)(1), striking Plaintiff's December 11, 2006, designation of Werner Spitz, M.D., as an expert rebuttal witness and precluding Plaintiff from presenting Dr. Spitz's testimony at trial. As grounds, Defendants point to Plaintiff's failure to disclose Dr. Spitz by September 29, 2006,

---

[1] Plaintiff, Laurie A. Stupak, is the mother of Bartholomew Stupak, Jr., the decedent, in this wrongful action.

[2] The parties have also submitted the reports from their specific causation experts. (Docs. 67-68).

as required by the court's scheduling order.[3] Further, to the extent that the witness has been designated as a rebuttal expert, they urge that Plaintiff failed to disclose the witness within thirty days following Defendants' expert disclosures on October 27, 2006, contrary to Fed. R. Civ. P. 26(a)(2)(C), and they further complain of Plaintiff's failure to comply with the written expert report requirements of Rule 26(a)(2)(B). According to Defendants, Plaintiff is unable to demonstrate substantial justification for the untimely disclosure and such cannot be considered harmless because the prejudice to Defendants is obvious and irremediable given the current deadlines in this case. (Doc. 56).

In response, Plaintiff urges the court to deny the motion. By Plaintiff's argument, Defendants filed their expert disclosures on October 27, 2006, which included a disclosure of Dr. Mary Case, an expert who set forth an alternative theory of causation. Because of this alternative theory, Plaintiff was required to seek out and retain a rebuttal expert witness competent to provide rebuttal testimony on the alternative theory. Plaintiff concedes that, under Rule 26, notice of her rebuttal witness was 14 days late and the rebuttal expert's report was not mailed to Defendants until December 22, 2006. However, Plaintiff urges this court to exercise its discretion under Rule 37 and find that her untimely notice was substantially justified and harmless to the proceedings. In support thereof, Plaintiff asserts that her counsel immediately sought a rebuttal witness to Defendants' alternative causation expert and Defendants will not be prejudiced because there is no trial date, the Daubert motions deadline

---

[3]The order was subsequently modified. The current Case Management and Scheduling Order for the psychiatric track cases sets forth the following deadlines: expert discovery 4/30/07, dispositive motions 5/15/07, and Daubert motions 5/15/07. (Doc. 397). Oral arguments on Daubert motions, both as to general and specific causation, are scheduled for 6/25/07, 6/26/07, and 6/27/07. Id.

has been extended, and Dr. Spitz's testimony will not impede the <u>Daubert</u> proceedings because he is not a general causation expert. (Doc. 59).

A review of the expert report of Dr. Case, a forensic pathologist and self-proclaimed expert on "the effects of alcohol on activities such as driving and other performance," indicates her core opinion that Bartholomew Stupak, Jr.'s blood alcohol level of 0.051% was a significant factor and influence on his behavior.[4] <u>See</u> (Doc. 68-3 at 3). In contrast, Plaintiff's putative rebuttal expert, Dr. Spitz, also a forensic pathologist, would opine that while alcohol is often found in people who have committed suicide, alcohol does not cause suicidal ideation and, in the circumstances of this case, did not play a role in causing the suicide. <u>See</u> (Doc. 67-4 at 3-4). The parties' other experts, Dr. Douglas Jacobs for the Defendants and Dr. Gerald Shiener for the Plaintiff both make passing references to alcohol consumption and suggest opposing views as to its significance. <u>See</u> (Docs. 68-2, 67-3).

By my reading of the reports, Dr. Spitz's opinions fairly contemplate rebuttal testimony to any such testimony that the court may permit from Dr. Case. While Plaintiff's notice of such expert was made beyond the 30-day period prescribed by Rule 26(a)(2)(C), that fact alone does not merit striking the witness absent a showing of lack of diligence on the Plaintiff's part. No such showing is made here. Further, as the court understands the matter,

---

[4]The witness opines more generally that this level of blood alcohol would impact a young person's inhibitory control over his actions, diminish his critical judgment over those actions which determine appropriate prudent, and safe behavior, and that such depression of these activities of the nervous system may cause one to behave in ways that they would never behave absent the influence of alcohol. Further, while alcohol is a common accompanying finding in suicides, she has no experience related to the presence of Accutane and has read no literature or otherwise heard anything supporting such a relationship. <u>Id</u>. The witness's opinions are far more specific and go well beyond anything I can read into Dr. Shiener's report. Thus, I cannot conclude, as Defendants suggest I should, that Plaintiff already has adequate testimony to counter that of Dr. Case.

full Rule 26 disclosures have now been made by Plaintiff and the only necessary discovery is the witness's deposition. There is adequate time for the parties to accomplish this before the discovery cut off. Accordingly, **Defendants Hoffmann-La Roche Inc.'s and Roche Laboratories Inc.'s Motion to Strike Plaintiff's December 11, 2006, Designation of Werner Spitz, M.D. as an Expert Witness** (Doc. 56) is **DENIED.** Counsel shall cooperate in scheduling the witness's deposition so as to conclude it on or before April 30, 2007.

**Done and Ordered** in Tampa, Florida, this 5th day of April 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record

4