# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LAURIE A. STUPAK,**

    **Plaintiff,**

v.                                                        Case No. 8:05-cv-926-T-30TBM

**HOFFMAN-LA ROCHE, INC., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon the parties' responses to the Court's October 23, 2007 Order regarding the effect of adequate warnings on strict liability claims under Wisconsin law. On August 17, 2007, the Court granted Summary Judgment in favor of Defendants. One ground for this decision was the Court's determination that Defendants' warnings were adequate as a matter of law concerning the potential psychiatric side effects, including suicide, of the prescription acne medication Accutane.[1] Defendants argue the Court's ruling resolves the Plaintiff's negligence and strict liability claims in favor of Defendants. Plaintiff argues its strict liability claim remains unaffected by the Court's ruling.

---

[1] Additionally, the Court determined Plaintiff failed to establish proximate cause as it could not refute the treating physician's testimony that he would have still prescribed Accutane notwithstanding additional warnings or information regarding its potential to cause suicide, even without depression preceding the suicide.

To prevail on a strict products liability claim under Wisconsin law, a plaintiff must prove the following elements:

> (1) that the product was in defective condition when it left the possession or control of the seller, (2) that it was unreasonably dangerous to the user or consumer, (3) that the defect was a cause . . . of the plaintiff's injuries or damages, (4) that the seller engaged in the business of selling such product or, put negatively, that this is not an isolated or infrequent transaction not related to the principal business of the seller, and (5) that the product was one which the seller expected to and did reach the user or consumer without substantial change in the condition it was when he [or she] sold it.

Green v. Smith & Nephew AHP, Inc., 629 N.W.2d 727, 793-94 (Wis. 2001). As to the first two elements, a manufacturer's failure to provide adequate warnings concerning a product can constitute a defect rendering the product unreasonably dangerous. Michaels v. Mr. Heater, Inc., 411 F. Supp. 2d 992, 1004 (W.D.Wis. 2006). At issue here is whether the reverse is true, i.e., whether a product can be rendered defective and unreasonably dangerous if a manufacturer provides an adequate warning.

It appears as though the Supreme Court of Wisconsin has not directly addressed this issue. In Green v. Smith & Nephew AHP, Inc., 629 N.W.2d 727, 743 (Wis. 2001), the court seemed to leave the issue open, noting that

> [a]n otherwise defective and unreasonably dangerous product may in many cases be made safe for consumer use by means of adequate warnings or instructions. If even in light of warnings or instructions, a product remains defective and unreasonably dangerous to the ordinary consumer, we see no reason that the product should remain on the market.

(internal citations omitted). Subsequent state and federal courts applying Wisconsin law have noted that the proof requirements for an inadequate warning are the same for strict

liability and negligence claims. In Mohr v. St. Paul Fire & Marine Ins. Co., 674 N.W.2d 576, 590 n. 10 (Wis. Ct. App. 2003), a Wisconsin appellate court noted the "proof requirements for an inadequate warning on a strict liability claim are the same as for a breach of the duty to warn on a negligence claim." Furthermore, the court acknowledged confusion regarding the distinction between negligence and strict products liability under Wisconsin law, stating:

> [t]he question remains, however, whether there is any practical significance between the elements of a claim that a seller has breached its duty to warn under RESTATEMENT (SECOND) OF TORTS § 388 and a claim that the seller is strictly liable under § 402A because its product was defective and unreasonably dangerous due to an inadequate warning. Not surprisingly, although the parties here each properly recite the distinct standards for each claim, we are unable to tell from their arguments whether they believe there is a practical difference in the two claims in this case. We believe litigants and courts would benefit from a clarification by the [Supreme Court of Wisconsin] of the differences, if any, between the proof required for a negligence claim and for a strict product liability claim when the assertion underlying both claims is that the warning was inadequate.

Id.[2] The Supreme Court of Wisconsin denied review of the appellate court's decision in Mohr and does not appear to have further clarified this issue.

---

[2]The court in Mohr discussed Wisconsin's adherence to the RESTATEMENT (SECOND) OF TORTS §§ 388 and 402A. Id. at 583 and 588.

A Wisconsin federal court applying Wisconsin law recently considered the issue and addressed it as follows:

> Wisconsin permits plaintiffs to bring both strict liability and negligence claims premised upon the inadequacy of a product's warnings. However, Wisconsin has not distinguished between the liability standards that govern each type of claim. *See, e.g., Mohr,* 2004 WI App 5, ¶ 32 n. 10, 269 Wis.2d 302, 674 N.W.2d 576 ("This court has stated that the proof requirements for an inadequate warning on a strict product liability claim are the same as for breach of the duty to warn on a negligence claim."); *Gracyalny,* 723 F.2d at 1318; *Tanner,* 228 Wis.2d at 365, n. 3, 596 N.W.2d 805. Because Wisconsin courts analyze "failure to warn" claims identically, regardless of the legal theory under which they are pled, I will do the same.
>
> The failure to provide adequate warnings concerning a product can constitute a defect rendering the product unreasonably dangerous; however, a manufacturer can be held strictly liable only when it has failed to warn of dangers of which it knew or should have known. *Gracyalny,* 723 F.2d at 1317 (applying Wisconsin law). In other words, if a product is designed and manufactured to be as safe as possible, but still contains a hidden danger, the manufacturer has a duty to warn the consumer of the hidden danger. *Tanner,* 228 Wis.2d at 367-368, 596 N.W.2d 805. A manufacturer must anticipate the environment is which its product will normally be used and provide a warning that is adequate and appropriate under those circumstances. *Id.*

Michaels, 411 F. Supp. 2d at 1003-04. The Court has already held Defendants' warnings in this case were adequate. Both Mohr and Michaels indicate Wisconsin courts analyze failure to warn negligence and strict liability claims identically. Thus, absent further direction from the Supreme Court of Wisconsin, the Court concludes that summary judgment in favor of Defendants is appropriate as to Plaintiff's negligence and strict liability claims. However,

the Court respectfully suggests that any appellate court reviewing this decision consider certifying a question to the Supreme Court of Wisconsin to clarify this issue.

Plaintiff also argues that, under Wisconsin law, the adequacy of warnings is a question of fact to be determined by a jury. The Court considered and addressed this issue in its August 17, 2007 Order. It will not reconsider the issue at this time.

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk is directed to enter final summary judgment in favor of Defendants on all of Plaintiff's claims.

2. All pending motions are denied as moot. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Transferor Judge
Counsel/Parties of Record

S:\Even\2005\05-cv-926.strict liability.frm